UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-183 (KMM/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID JAMES WHITE,

Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and David James White (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the U.S. Attorney's Office for the District of Minnesota (hereinafter "the government"). This agreement does not bind any other U.S. Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Counts One and Three of the Indictment, which charge the defendant with possession with intent to distribute fentanyl (Count One), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and felon in possession of a firearm (Count Three), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The defendant fully understands the nature and elements of the crimes with which he has been charged. At the time of sentencing, the government agrees to move to dismiss the remaining count of

the Indictment, which charges the defendant with carrying a firearm during and in relation to a drug-trafficking offense (Count Two), in violation of 18 U.S.C. § 924(c).

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Counts One and Three of the Indictment. In pleading guilty, the defendant admits the following facts, and admits that these facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the U.S. Sentencing Guidelines:

In January 2023, a warrant was outstanding for the defendant's arrest. On January 31, 2023, law enforcement had reason to believe that the defendant was present at a particular residence in Beltrami County, Minnesota. Law enforcement officers went to that residence and saw a sports-utility vehicle parked in the driveway. Officers saw three passengers in the SUV: two women in the front seats, and a man—later identified as the defendant—in the backseat on the passenger side.

Officers approached and spoke with the SUV's passengers. The defendant identified himself with a false name, but was recognized by an officer and arrested. Officers searched the defendant incident to arrest and found more than $8,000 in U.S. currency, and green plastic micro-baggies containing about 1.5 grams of fentanyl and about 7.9 grams of methamphetamine.

Officers next searched the SUV for more drugs. They found a metal box on the floor, where the defendant's feet had been, next to where officers found the defendant's phone. Inside the metal box was about 32 grams of fentanyl. On the seat next to where the defendant had been seated, officers found a black handgun, with one bullet in the chamber and five bullets in a magazine.

Later, from jail, the defendant called his significant other and recounted the story of his arrest. He told her about the moment when officers were approaching the SUV and said, "that's when I pull the gun out, 'cause I got to use it."

The defendant stipulates and agrees that he possessed fentanyl, a controlled substance; knew he possessed the controlled substance; intended to distribute some or all of the controlled substance; and his conduct involved the possession of a firearm. The defendant agrees he committed these acts voluntarily and knew his conduct was unlawful.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the government within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.     **Waiver of Constitutional Trial Rights.**    The defendant understands that he has the right to go to trial.  At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the government and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination.  The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him.  The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial.  By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel.  The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge him guilty without a trial.

5.     **Additional Consequences**. The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The defendant understands that Counts One and Three of the Indictment are felony offenses. Count One (Possession with Intent to Distribute Fentanyl, 21 U.S.C. § 841(a)(1), (b)(1)(C)) carries the following statutory penalties:

    a. a maximum of 20 years in prison;

    b. a supervised-release term of at least three years;

    c. a maximum fine of $1,000,000; and

    d. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

Count Three (Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(8)) carries the following statutory penalties:

    e. a maximum of 15 years in prison;

    f. a maximum term of three years of supervised release;

    g. a maximum fine of $250,000; and

    h. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Revocation of Supervised Release.** The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke his supervised release, and he could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the

5

Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the U.S. Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations for Counts One and Three:

    a.    <u>Count One:</u>

        i)    <u>Base Offense Level</u>: The parties agree that pursuant to U.S.S.G. § 2D1.1, the base offense level for Count One is **22** (at least 22 but less than 40 grams of fentanyl). U.S.S.G. § 2D1.1(a)(5), (c)(9).

        ii)   <u>Specific Offense Characteristics</u>: The parties agree that a **two-level increase** applies because the defendant possessed a firearm during the relevant conduct. U.S.S.G. § 2D1.1(b)(1). The parties agree no other Chapter 2 specific offense characteristics apply for Count One.

    a.    <u>Count Three:</u>

        i)    <u>Base Offense Level</u>: The parties agree that pursuant to U.S.S.G. § 2K2.1(a)(7), the base offense level for Count Three is **12**.

        ii)   <u>Specific Offense Characteristics</u>: The parties agree that a **four-level increase** applies because during the relevant conduct the defendant possessed a firearm in connection with another felony offense—namely, the

        offense alleged in Count One. U.S.S.G. § 2K2.1(b)(6)(B). The parties agree no other Chapter 2 specific offense characteristics apply for Count Three.

b. <u>Group Offense Level:</u> The parties agree that the offenses alleged in Counts One and Three group, because (*i*) the conduct alleged in Count Three—possession of a firearm—is a specific offense characteristic in the guideline applicable to Count One, U.S.S.G. § 3D1.2(c), and (*ii*) because the offenses are specifically identified as those that group under § 3D1.2(c). Accordingly, the offense level applicable to the only group in this case, and to be applied by the Court to determine the offense level for the multiple counts, is **24**, because it is the higher of the two offense levels for Counts One and Three. U.S.S.G. §§ 3D1.1(a), 3D1.3(a), (b).

c. <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive **a two-level reduction for acceptance of responsibility** pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an **additional one-level reduction** pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the U.S. Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

    e.    Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into **Criminal History Category III**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    f.    Guidelines Range. Based on the relevant conduct described in paragraph 2 and any other potential adjustments described above, the parties anticipate that the Guidelines range is **46–57 months** of imprisonment.

    g.    Fine Range. The Guidelines fine range is **$15,000 to $1,000,000**. U.S.S.G. § 5E1.2(c)(3), (4).

    h.    Supervised Release. The Guidelines require a term of supervised release of **at least three years**. U.S.S.G. § 5D1.2(a)(2), (c).

9.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart or vary from the applicable Guidelines range. If the Court or the Probation Office determines

that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant's will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures and variances from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues, except that the defendant may appeal the substantive reasonableness of a term of imprisonment above 57 months. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence,

9

sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel or based on retroactive changes to the law. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily. The government agrees to waive its right to appeal any sentence, except the government may appeal the substantive reasonableness of a term of imprisonment below 46 months.

13.   **FOIA Requests.**   The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the government and the defendant.

ANDREW M. LUGER
United States Attorney

Date: 7-20-23

BY: MATTHEW D. FORBES
Assistant United States Attorney

Date: 7-20-23

DAVID JAMES WHITE
Defendant

Date: 7-20-23

AARON MORRISON
Counsel for Defendant